IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY ADAMS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-0976-L** |
| | § | |
| **STANLEY SECURITY SOLUTIONS, INC.** | § | |
| **d/b/a BEST ACCESS SYSTEMS,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Stanley Security Solutions, Inc., d/b/a Best Access Systems' Motion for Summary Judgment, filed July 2, 2007. After careful consideration of the motion, briefs, response, reply, record, and applicable law, the court **grants** Defendant Stanley Security Solutions, Inc., d/b/a Best Access Systems' Motion for Summary Judgment and **overrules as moot** Adams's Objections to Defendant's [Declaration].

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is an employment discrimination case. Plaintiff Billy Adams ("Adams") contends that he was terminated from his employment with Defendant Stanley Security Solutions, Inc., d/b/a Best Access Systems ("Best") because of his age and disability. The facts giving rise to Adams's claims are recited below and are undisputed unless otherwise noted.

In June 2000, Adams was employed by Best as a Service Technician. On June 15, 2004, Adams had complications from a pre-existing heart condition and had a pacemaker implanted. After the surgery, Adams was completely restricted from work in the Service Technician position. As of December 7, 2004, these restrictions prohibited lifting more than fifteen pounds, climbing stairs, or

**Memorandum Opinion and Order – Page 1**

walking on uneven surfaces. Adams requested to return to work on light duty status, and Jimmy Adams told him that there was nothing available. Adams then applied for short term disability during his absence from work. In December 2004, a Production Clerk position became available and Adams applied for it. Adams's doctor released him to perform as a Production Clerk. Best refused to offer Adams the position and did not offer an accommodation for Adams to return to work.

On June 15, 2005, at the age of 70, Adams was terminated from employment at Best. Best replaced Adams with an employee who was over 40 years old. On October 8, 2005, Adams filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") concerning his termination, alleging age discrimination. On April 11, 2006, Adams filed a second charge of discrimination, alleging discrimination based on age and disability.

Adams filed this action on June 1, 2006 under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), as amended 42 U.S.C § 621, *et seq.* Adams seeks compensatory damages, including back pay, employment at Best in the Production Clerk position, and attorney's fees. Best moves for summary judgment on Adams's ADEA and ADA claims.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact

is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed

fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. ANALYSIS

### A. Adams's ADEA Claim

Adams contends that he was terminated from his employment with Best because of his age, in violation of the ADEA. Best argues that Adams was terminated because he exceeded the company's one year leave of absence policy and that his ADEA claim fails as a matter of law because he cannot establish a prima facie case of age discrimination. Adams does not address Best's arguments regarding age discrimination. It appears that Adams has thus abandoned this claim. Regardless, the court agrees with Best that Adams has not established a prima facie case of age discrimination.

The ADEA prohibits an employer from discriminating against any individual in hiring or discharge, or with respect to his compensation, terms, conditions, or privileges of employment, on the basis of age. 29 U.S.C. § 623(a)(1). A plaintiff may establish a claim of discrimination under the ADEA either by presenting direct evidence or by using circumstantial evidence. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). If a plaintiff produces direct evidence of discrimination, no further showing is required, and the burden of proof shifts to the employer to show that it would have made the same decision regardless of discrimination. *Id.* If a plaintiff relies on circumstantial evidence, he must put forth a prima facie case, and the burden of proof then shifts to the employer to provide a legitimate, nondiscriminatory reason for the employment decision. *Id.*

at 312. "Although the intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1993)). The court must first determine whether plaintiff relies on direct evidence or circumstantial evidence.

"Direct evidence is evidence that, if believed, proves the fact [in question] without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002) (internal citation omitted), *cert. denied*, 539 U.S. 926 (2003). Having examined the record, the court finds that Adams has failed to submit any direct evidence of age discrimination. Since he has presented no direct evidence of age discrimination, he must rely on circumstantial evidence.

To establish a prima facie case for discharge in an age discrimination based on circumstantial evidence, a plaintiff must set forth evidence that: "1) he was discharged; 2) he was otherwise qualified for the position; 3) he was within the protected class at the time of the discharge; and 4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Rachid*, 376 F.3d at 309. The court now turns to whether Adams has successfully presented a prima facie case of age discrimination.

The facts establishing the first and third elements of Adams's prima facie case are undisputed: (i) at the time he was terminated, Adams was a member of the class protected by the ADEA (under 29 U.S.C. § 631(a) that is an individual who was at least 40 years of age) and (iii) he was discharged by Best. With respect to the remaining two elements, the court first determines whether Adams has proved the second element, or raised a genuine issue of material fact, by establishing his qualification for the Service Technician position.

Best contends that reports by Adams's doctor indicated that he was no longer able to perform the duties of a Service Technician. Def.'s Br. 7. Adams alleges that he successfully performed his duties as a Service Technician until he was terminated. Compl. ¶ 12. "[A] plaintiff challenging his termination or demotion can ordinarily establish a prima facie case of age discrimination by showing that he continued to possess the necessary qualifications for his job at the time of the adverse action . . . mean[ing] that he had not suffered physical disability that rendered him unfit for the position for which he was hired." *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1506 & n.3 (5th Cir. 1988). In the face of Best's offer of doctor's reports to the contrary, Adams merely alleges that he was qualified for the Service Technician position. He offers nothing to support these allegations. Adams does not submit any competent summary judgment evidence by affidavit, declaration, or otherwise to show that he remained qualified for the position. Therefore, the court concludes that Adams has not established the second element of his prima facie case. Even assuming that he has established this element (although he has not), he fails to establish the fourth element of a prima facie case.

Adams contends that he was discharged because of his age. Best argues that Adams was discharged because he exhausted the time allowed under the company's leave of absence policy. As previously stated, to establish the fourth element in an age discrimination case, Adams must show that he was either (i) replaced by someone outside of the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. *Rachid*, 376 F.3d at 309. The summary judgment record establishes that at the time of his termination, Adams was 70 years of age. He was subsequently replaced by Robert Smith, who at the time was over 40 and, therefore, within the protected class. The record does not reveal Robert Smith's age; therefore, the evidence does not

**Memorandum Opinion and Order – Page 6**

show that he was younger than Adams. Therefore, Adams fails to establish the fourth element by showing that he was either (i) replaced by someone outside of the protected class or (ii) replaced by someone younger.

With respect to the third alternative, that the plaintiff was otherwise discriminated against because of his age, a plaintiff may proffer evidence of age-related remarks to prove age discrimination. *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655-56 (5th Cir. 1996). "[R]emarks may serve as sufficient evidence of age discrimination if the offered comments are: 1) age related; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Brown*, 82 F.3d at 655. Comments that are "vague and remote in time," however, are insufficient to establish discrimination. *Id.* On the other hand, specific comments made over a lengthy period of time are sufficient. *Id.* at 655-56.

Adams's evidence regarding the age-related comments is minimal. Adams testified in his deposition that his coworkers joked about him "being an old man," but that the comments did not upset him because he knew they were joking. Billy Adams Dep. 27:17, 25, June 12, 2007. He also testified that he never complained about the comments to management or to human resources and that no members of management made these comments. Billy Adams Dep. 28:1-9, June 12, 2007. Adams conceded in his deposition that Jimmy Adams, his immediate supervisor, had never done or said anything that would lead him to believe that Jimmy Adams would discriminate against him because of his age. Billy Adams Dep. 53:16-22, June 12, 2007. Moreover, there is no indication in the record when these statements were made, or that they were made at or near the time of Adams's termination. Finally, Adams presents no evidence that these comments were made by Soni

Adams, the person who made the decision to terminate him, or by others who had influence or leverage over the official decisionmaker, such as Jimmy Adams. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir.2000). Taken as a whole, the court finds that the age-related comments do not show age discrimination towards Adams, and are insufficient as a matter of law to support a finding of a discriminatory discharge. Having determined that Adams has failed to present a prima facie case of age discrimination, the court finds it unnecessary to address whether Best's legitimate, nondiscriminatory reason for terminating Adams was a pretext for age discrimination.

Adams has wholly failed to point to any evidence in the record which would indicate that his discharge occurred under circumstances that would give rise to an inference that he was a victim of age discrimination. Because Adams has failed to present direct evidence of age discrimination or circumstantial evidence sufficient to support a prima facie case of age discrimination, he fails to raise a genuine issue of material fact regarding this claim. Accordingly, Best is entitled to judgment as a matter of law on the ADEA claim.

### B. Adams's ADA Claim

Adams also contends that Best discriminated against him because of his disability, in violation of the ADA. In this regard, Adams alleges that around January 2005, Best refused to allow him to return to work on light duty status as a Production Clerk. Best argues that Adams failed to allege ADA violations in the October 2005 EEOC charge and that the April 2006 charge was untimely. Best contends that the court, therefore, has no jurisdiction over Adams's ADA claim.

A condition precedent to bringing suit in federal court for an ADA claim is the timely filing and exhaustion of a charge of discrimination with the EEOC or with a state or local agency with

authority to grant or seek relief from the alleged discrimination. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). Plaintiffs must file this discrimination charge with the EEOC or state or local agency within 180 days from the date of the alleged violation in order to bring suit for violation of the ADA. 42 U.S.C. § 12117; 42 U.S.C. § 2000e-5(e)(1). The cause of action may be based on the specific allegations in the EEOC charge as well as "any kind of discrimination like or related to the allegations contained in the charge and growing out of such allegation[s] during the pendency of the case before the [EEOC]." *National Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711-12 (5th Cir. 1994). The scope of the lawsuit, therefore, extends no further than the scope of the investigation that can reasonably be expected to grow out of the charge of discrimination. *Id.*

Adams's ADA claim against Best stems from its refusal to consider Adams for the Production Clerk position and its denial of Adams's request for light duty status in that position. Best refused to consider Adams for the Production Clerk position around January of 2005. Adams filed an age discrimination charge with the EEOC on October 8, 2005 ("October Charge"). The record does not reflect that Adams stated any facts in this charge that support a claim of disability, checked the box labeled "disability" of the EEOC form, or mentioned disability anywhere in his October Charge. One could not reasonably expect the EEOC to investigate a claim of disability discrimination because no facts were set forth in Adams's charge that he was complaining of disability discrimination. Because disability discrimination is not discrimination that is like or related to the allegations in the October Charge, one could not expect that an EEOC investigation regarding disability discrimination would reasonably grow out of that charge. Therefore, the ADA claim before the court cannot be filed based upon the October Charge.

**Memorandum Opinion and Order – Page 9**

On April 11, 2006, Adams filed a second charge with the EEOC alleging discrimination based on age and disability. This charge was filed more than 180 days after the alleged January 2005 violation and was, therefore, untimely. Because Adams's charge is untimely, he has failed to exhaust his administrative remedies with regard to the disability discrimination allegations under the ADA. Accordingly, his ADA claim is barred because he did not satisfy a precondition to filing suit.* For this reason, no genuine issue of material fact exists, and Best is entitled to judgment as a matter of law on Adams's ADA claim.

### C. Adams's Objections

Adams has filed objections to Best's summary judgment evidence. Specifically, Adams objects to the Declaration of Jimmy D. Adams. The court did not consider the declaration, and it played no part in the court's ruling. The court therefore **overrules as moot** Adams's Objections to Defendant's [Declaration].

### IV. CONCLUSION

For the reasons stated herein, the court determines that Adams has failed to show that a genuine issue of material fact exists as to his age discrimination claim under the ADEA or his disability discrimination claim under the ADA. Best is, therefore, entitled to judgment as a matter of law, and the court **grants** Defendant Stanley Security Solutions, Inc., d/b/a Best Access Systems' Motion for Summary Judgment and **overrules as moot** Adams's Objections to Defendant's

---

*Although Best contends that the court lacks jurisdiction over the ADA claim, "[f]iling a timely charge of discrimination with the [EEOC] is not a jurisdictional prerequisite to suit in federal court." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The filing of a timely charge is a "precondition to filing a lawsuit," not a jurisdictional prerequisite. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003).

[Declaration]. The court **dismisses with prejudice** Adams's claims against Best. Judgment will issue by separate document as required by Fed. R. Civ. P. 58.

**It is so ordered** this 11th day of October, 2007.

                                                    Sam A. Lindsay
                                                    United States District Judge